# EXHIBIT A



# Service of Process Transmittal
06/10/2021
CT Log Number 539709779

| | |
|---|---|
| **TO:** | General Counsel<br>Daimler Trucks North America LLC<br>4555 N CHANNEL AVE, HQ637B-LGL<br>PORTLAND, OR 97217-7613 |
| **RE:** | **Process Served in Michigan** |
| **FOR:** | Daimler Trucks North America LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Paul Chubb as Personal Representative of the Estate of David Paul Chubb, Pltf. vs. Daimler Trucks North America LLC, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21186895NP |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2021 at 14:52 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | Please note: Transmittal has been updated to correct image. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/10/2021, Expected Purge Date: 06/15/2021<br><br>Image SOP<br><br>Email Notification,  General Counsel  Cynthia.scott@Daimler.com<br><br>Email Notification,  Truc Ong  truc.ong@daimler.com<br><br>Email Notification,  Sara Dorland  Sara.Dorland@Daimler.com<br><br>Email Notification,  Marni Larose  marni.larose@daimler.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |



**Service of Process Transmittal**
06/10/2021
CT Log Number 539709779

**TO:** General Counsel
Daimler Trucks North America LLC
4555 N CHANNEL AVE, HQ637B-LGL
PORTLAND, OR 97217-7613

**RE:** **Process Served in Michigan**

**FOR:** Daimler Trucks North America LLC  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Approved, SCAO | Original - Court | 2nd copy - Plaintiff
1st copy - Defendant | 3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| Sixth JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | SUMMONS | 2021-186895-NP JUDGE DANIEL P. O'BRIEN |

**Court address**
Courthouse Tower 1200 North Telegraph Road Pontiac, MI 48341

**Court telephone no.**
248-858-1000

**Plaintiff's name(s), address(es), and telephone no(s).**
David Paul Chubb as the personal representative of he Esate of Jacob Paul Chubb
6269 Wilkie
Taylor, MI 48180
313-595-4615

v

**Defendant's name(s), address(es), and telephone no(s).**
Daimler Trucks North America, LLC
40600 Ann Arbor Road Ste 201
Plymouth, MI 48170

4555 N. Channel Avenue
Portland, Oregon 97217

**Plaintiff's attorney, bar no., address, and telephone no.**
Matthew Broderick P47403
30701 Barrington Suite 100
Madison Heights, MI 48071
248-588-1882

3/15/2021 3:22 PM — Received for Filing — Oakland County Clerk — FILED

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☒ United States District Court for the Eastern District of Michigan Court, where it was given case number 2:18-cv-10843 and assigned to Judge Terrence Berg.

The action ☐ remains ☒ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| 3/15/2021 | 06/14/2021 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

|  | SUMMONS |
|---|---|
| PROOF OF SERVICE | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ |  | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
|  |  |  |  | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____  Signature: _____
                        Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                   Day, date, time

_____ on behalf of _____.
Signature

FILED  Received for Filing  Oakland County Clerk  3/15/2021 4:48 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND
CIVIL DIVISION

DAVID PAUL CHUBB as Personal Representative
of the Estate of David Paul Chubb,

        Plaintiff,

Case No. 21-186895 NP
Hon. Daniel P. O'Brien

vs.

DAIMLER TRUCKS NORTH AMERICA, LLC

        Defendant.

_____/

Matthew S. Broderick (P47403)
Attorneys for Plaintiff
30701 Barrington St Ste 100
Madison Heights, MI 48071
Phone: (248) 588-1882
Fax: (248) 588-1887
broderickslaw@aol.com

_____/

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the United States District Court for the Eastern District of Michigan, where it was given case number 2:18-cv-10843 and was assigned to the Honorable Terence Berg. The action is no longer pending.

### AMENDED COMPLAINT
(No Jury Demand)

NOW COMES Plaintiff, David Paul Chubb, as the personal representative of the estate of the decedent, Jacob David Chubb and for its Complaint states to this Honorable Court as follows:

1. Plaintiff is the duly appointed successor personal representative of the estate of Jacob David Chubb (hereafter "Decedent"), who died as a result of a truck accident that occurred on or about March 13, 2015

1

2. Plaintiff is a resident of the State of Michigan and Decedent resided in Monroe County, Michigan at the time of his death.

3. Upon information and belief, Daimler Trucks North America, Inc. (hereafter "DTNA") is a Delaware for-profit corporation, which transacts business within the State of Michigan and is a manufacturer of Freightliner trucks.

4. Upon information and belief, Daimler Trucks North America is owned by a corporate parent whose principal office is located within the County of Oakland, State of Michigan.

5. The amount in controversy exceeds $100,000.00

6. Jurisdiction and venue are proper in this court based on the amount in controversy and the fact that Defendant conducts a regular and systematic portion of its business in Oakland County and maintains a corporate headquarters within Oakland County, Michigan.

## Common Allegations

7. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

8. On or about January-March, 2015 Decedent was employed as a truck driver by Schneider International, Inc.

9. At about 3:00 a.m. on March 13, 2015, Decedent was operating a 2016 Freightliner truck ("Freightliner Truck") manufactured by Defendant DTNA.

10. While travelling eastbound on Interstate 80, the Freightliner Truck suddenly crashed into a guardrail striking the guardrail actuator, and overturning on its left side ("Accident").

11. Due to a mechanical or technical defect in the Freightliner Truck, manufactured by Defendant DTNA, the Freightliner Truck was engulfed in flames within mere moments after the Accident occurred, while Decedent was trapped inside the Freightliner Truck.

2

12. The Freightliner truck was completely destroyed by the fire causing the Decedent to die by asphyxiation, as shown in the Death Certificate(s).

13. As a direct and proximate result of the Freightliner Truck and/or Engine catching on fire after the Accident, the Decedent died of asphyxiation and smoke inhalation.

## COUNT I - NEGLIENCE

14. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

15. Decedent's cause of death was a direct and proximate results of mechanical or technical defects in the Freightliner Truck that he was operating at the time of the Accident.

16. Due to these mechanical defects the Freightliner Truck caught on fire thereby causing pain and suffering to Decedent and resulting in his death by asphyxiation.

17. At all relevant times Defendant manufacturer owed a duty to Decedent, Plaintiff and to the public in general to: (a) properly manufacture its products, and (b) properly test its products.

18. Defendant manufacturer breached these duties by committing or omitting the following acts: (a) failing to properly manufacture the Freightliner Truck; and (b). failing to properly test its products.

19. The Freightliner Truck was not reasonably safe at the time it left the control of Defendant.

20. Defendant DTNA violated the duty of due care by manufacturing the Freightliner truck in a manner that made it unsafe and unfit for its intended use by posing a significant risk of catching on fire.

21. As a direct and proximate result of the breach by Defendant, the decedent died as a result of asphyxiation arising from the fire following the Accident.

3

22. Plaintiff, as the next of kin for the Decedent and on behalf of his estate and all individuals entitled to damages under the wrongful death act, requests all damages that are fair and just under the circumstances, including, without limitation, the following: (a) reasonable medical, hospital, funeral, and burial expenses; (b) reasonable compensation for the pain and suffering the decedent experienced while he was conscious during the time between his injury and his death; and (c) losses suffered by the next of kin as a result of the decedent's death, including the following: i. loss of financial support; ii. loss of services; iii. loss of gifts and other valuable gratuities; iv. loss of parental training and guidance; v. loss of society and companionship; vi. other miscellaneous losses

## COUNT II — BREACH OF IMPLIED WARRANTY

23. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

24. The Freightliner was not reasonably fit for being used for its intended anticipated or reasonably foreseen by Defendant manufacturer when it left Defendant manufacturer's control of being operated on roadways and transporting cargo.

25. As a proximate result of the breach of implied warranty by Defendant manufacturer, resulted in the Decedent's death and other injuries, as previously described.

## COUNT III — INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

27. Defendants' conduct as outlined above was either negligent or intentional.

28. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society

4

29. Defendant's conduct resulted in severe and serious emotional distress to those persons entitled to damages through Plaintiff.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

### COUNT IV —LOSS OF CONSORTIUM

31. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

32. At all relevant times, Enedelia Margaret Alexandrea Chubb was the lawfully wedded spouse of Decedent.

33. As a proximate result of the negligence, breach of implied warranty, and breach of express warranty by Defendant, Enedelia Margaret Alexandrea Chubb suffered loss of consortium, loss of society and companionship, and other damages.

34. Plaintiffs' damages were proximately caused by the inactions or actions of Defendant manufacturer and seller as previously described.

WHEREFORE, PLAINTIFF REQUESTs that this court enter judgment against Defendant in an amount that will fairly and adequately compensate Plaintiff for the death of the Decedent, of this action, interest, and attorney fees.

Respectfully submitted:

/s/ *Matthew Broderick*
Matthew S. Broderick (P47403)

Attorney for Plaintiffs
30701 Barrington Ste. 100
Madison Heights, MI 48071
248-588-1882
broderickslaw@aol.com

5

Date: March 15, 2021

6

Case 2:21-cv-11535-DPH-APP ECF No. 1-1, PageID.16 Filed 07/01/21 Page 12 of 16

This case has been designated as an eFiling case! To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND
## CIVIL DIVISION

DAVID PAUL CHUBB as Personal Representative
of the Estate of David Paul Chubb,

2021-186895-NP

Plaintiff,

JUDGE DANIEL P. O'BRIEN

vs.

DAIMLER TRUCKS NORTH AMERICA, LLC

Defendant.
_____/

Matthew S. Broderick (P47403)
Attorneys for Plaintiff
30701 Barrington St Ste 100
Madison Heights, MI 48071
Phone: (248) 588-1882
Fax: (248) 588-1887
broderickslaw@.aol.com

_____/

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the United States District Court for the Eastern District of Michigan, where it was given case number 2:18-cv-10843 and was assigned to the Honorable Terence Berg. The action is no longer pending.

### COMPLAINT and JURY DEMAND

NOW COMES Plaintiff, David Paul Chubb, as the personal representative of the estate of the decedent, Jacob David Chubb and for its Complaint states to this Honorable Court as follows:

1. Plaintiff is the duly appointed successor personal representative of the estate of Jacob David Chubb (hereafter "Decedent"), who died as a result of a truck accident that occurred on or about March 13, 2015

2. Plaintiff is a resident of the State of Michigan and Decedent resided in Monroe County, Michigan at the time of his death.

1

3. Upon information and belief, Daimler Trucks North America, Inc. (hereafter "DTNA") is a Delaware for-profit corporation, which transacts business within the State of Michigan and is a manufacturer of Freightliner trucks.

4. Upon information and belief, Daimler Trucks North America is owned by a corporate parent whose principal office is located within the County of Oakland, State of Michigan.

5. The amount in controversy exceeds $100,000.00

6. Jurisdiction and venue are proper in this court based on the amount in controversy and the fact that Defendant conducts a regular and systematic portion of its business in Oakland County and maintains a corporate headquarters within Oakland County, Michigan.

### Common Allegations

7. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

8. On or about January-March, 2015 Decedent was employed as a truck driver by Schneider International, Inc.

9. At about 3:00 a.m. on March 13, 2015, Decedent was operating a 2016 Freightliner truck ("Freightliner Truck") manufactured by Defendant DTNA.

10. While travelling eastbound on Interstate 80, the Freightliner Truck suddenly crashed into a guardrail striking the guardrail actuator, and overturning on its left side ("Accident").

11. Due to a mechanical or technical defect in the Freightliner Truck, manufactured by Defendant DTNA, the Freightliner Truck was engulfed in flames within mere moments after the Accident occurred, while Decedent was trapped inside the Freightliner Truck.

12. The Freightliner truck was completely destroyed by the fire causing the Decedent to die by asphyxiation, as shown in the Death Certificate(s).

13. As a direct and proximate result of the Freightliner Truck and/or Engine catching on fire after the Accident, the Decedent died of asphyxiation and smoke inhalation.

2

## COUNT I - NEGLIENCE

14. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

15. Decedent's cause of death was a direct and proximate results of mechanical or technical defects in the Freightliner Truck that he was operating at the time of the Accident.

16. Due to these mechanical defects the Freightliner Truck caught on fire thereby causing pain and suffering to Decedent and resulting in his death by asphyxiation.

17. At all relevant times Defendant manufacturer owed a duty to Decedent, Plaintiff and to the public in general to: (a) properly manufacture its products, and (b) properly test its products.

18. Defendant manufacturer breached these duties by committing or omitting the following acts: (a) failing to properly manufacture the Freightliner Truck; and (b). failing to properly test its products.

19. The Freightliner Truck was not reasonably safe at the time it left the control of Defendant.

20. Defendant DTNA violated the duty of due care by manufacturing the Freightliner truck in a manner that made it unsafe and unfit for its intended use by posing a significant risk of catching on fire.

21. As a direct and proximate result of the breach by Defendant, the decedent died as a result of asphyxiation arising from the fire following the Accident.

22. Plaintiff, as the next of kin for the Decedent and on behalf of his estate and all individuals entitled to damages under the wrongful death act, requests all damages that are fair and just under the circumstances, including, without limitation, the following: (a) reasonable medical, hospital, funeral, and burial expenses; (b) reasonable compensation for the pain and suffering the decedent experienced while he was conscious during the time between his injury and his death; and (c) losses suffered by the next of kin as a result of the decedent's death, including the following: i. loss of financial support; ii. loss of services; iii. loss of gifts and other valuable gratuities; iv. loss of parental training and guidance; v. loss of society and companionship; vi. other miscellaneous losses

3

## COUNT II — BREACH OF IMPLIED WARRANTY

23. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

24. The Freightliner was not reasonably fit for being used for its intended anticipated or reasonably foreseen by Defendant manufacturer when it left Defendant manufacturer's control of being operated on roadways and transporting cargo.

25. As a proximate result of the breach of implied warranty by Defendant manufacturer, resulted in the Decedent's death and other injuries, as previously described.

## COUNT III — INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

27. Defendants' conduct as outlined above was either negligent or intentional.

28. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society

29. Defendant's conduct resulted in severe and serious emotional distress to those persons entitled to damages through Plaintiff.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT IV — LOSS OF CONSORTIUM

31. Plaintiff restates and incorporates by reference all the paragraphs set forth above.

32. At all relevant times, Enedelia Margaret Alexandrea Chubb was the lawfully wedded spouse of Decedent.

33. As a proximate result of the negligence, breach of implied warranty, and breach of express warranty by Defendant, Enedelia Margaret Alexandrea Chubb suffered loss of consortium, loss of society and companionship, and other damages.

34. Plaintiffs' damages were proximately caused by the inactions or actions of Defendant manufacturer and seller as previously described.

WHEREFORE, PLAINTIFF REQUESTs that this court enter judgment against Defendant in an amount that will fairly and adequately compensate Plaintiff for the death of the Decedent, and for the injuries and pain and suffering of the Decedent and the Plaintiff together with the costs of this action, interest, and attorney fees.

Respectfully submitted:

/s/ *Matthew Broderick*
Matthew S. Broderick (P47403)

Attorney for Plaintiffs
30701 Barrington Ste. 100
Madison Heights, MI 48071
248-588-1882
broderickslaw@aol.com

Date: March 15, 2021